IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLORADO

FILED
UNITED STATES DISTRICT
DENVER, COLORADO

DEC 15 2005

GREG

Civil Action Nos. 05-cv-00508-RPM-PAC
05-cv-00509-WYD-OES

KENNETH W. LETT,

    Plaintiff,

v.

TIAA-CREF,

    Defendant.

## PROTECTIVE ORDER

Upon a showing of good cause in support of the entry of a protective order to protect the discovery and dissemination of confidential information or information which will improperly annoy, embarrass, or oppress any party, witness, or person providing discovery in this case, IT IS HEREBY ORDERED:

    1.    This Protective Order shall apply to all documents, materials, and information, including without limitation, documents produced, answers to interrogatories, responses to requests for admission, deposition testimony, and other information disclosed pursuant to the disclosure or discovery duties created by the Federal Rules of Civil Procedure.

    2.    As used in this Protective Order, "document" is defined as provided in Fed. R. Civ. P. 34(a). A draft or non-identical copy is a separate document within the meaning of this term.

    3.    Information designated "CONFIDENTIAL" shall be information that is confidential and implicates common law and statutory privacy interests of current or former employees, representatives or agents of the Defendant TIAA-CREF (hereafter "TIAA-CREF")

and business and proprietary information of TIAA-CREF. CONFIDENTIAL information shall not be disclosed or used for any purpose except the preparation and trial of this case.

4. CONFIDENTIAL documents, materials, and/or information (collectively "CONFIDENTIAL information") shall not, without the consent of the party producing it or further Order of the Court, be disclosed except that such information may be disclosed to:

    (a) attorneys actively working on this case;

    (b) persons regularly employed or associated with the attorneys actively working on the case whose assistance is required by said attorneys in the preparation for trial, at trial, or at other proceedings in this case;

    (c) the parties, including designated representatives for TIAA-CREF;

    (d) expert witnesses and consultants retained in connection with this proceeding, to the extent such disclosure is necessary for preparation, trial or other proceedings in this case;

    (e) the Court and its employees ("Court Personnel");

    (f) stenographic reporters who are engaged in proceedings necessarily incident to the conduct of this action;

    (g) deponents, witnesses, or potential witnesses in this case; and

    (h) other persons by written agreement of all the parties.

5. Prior to disclosing any CONFIDENTIAL information to any person listed above (other than counsel, persons employed by counsel, Court Personnel and stenographic reporters), counsel shall provide such person with a copy of this Protective Order and obtain from such person a written acknowledgment stating that he or she has read this Protective Order and agrees to be bound by its provisions. All such acknowledgments shall be retained by counsel and shall be subject to in camera review by the Court if good cause for review is demonstrated by opposing counsel.

6. Documents are designated as CONFIDENTIAL by placing or affixing on them (in a manner that will not interfere with their legibility) the following or other appropriate notice: "CONFIDENTIAL."

7. Whenever a deposition involves the disclosure of CONFIDENTIAL information, the deposition or portions thereof shall be designated as CONFIDENTIAL and shall be subject to the provisions of this Protective Order. Such designation shall be made on the record during the deposition whenever possible, but a party may designate portions of depositions as CONFIDENTIAL after transcription, provided written notice of the designation is promptly given to all counsel of record within thirty (30) days after notice by the court reporter of the completion of the transcript.

8. A party may object to the designation of particular CONFIDENTIAL information by giving written notice to the party designating the disputed information. The written notice shall identify the information to which the objection is made. If the parties cannot resolve the objection within ten (10) business days after the time the notice is received, it shall be the obligation of the party designating the information as CONFIDENTIAL to file an appropriate

motion requesting that the Court determine whether the disputed information should be subject to the terms of this Protective Order. If such a motion is timely filed, the disputed information shall be treated as CONFIDENTIAL under the terms of this Protective Order until the Court rules on the motion. If the designating party fails to file such a motion within the prescribed time, the disputed information shall lose its designation as CONFIDENTIAL and shall not thereafter be treated as CONFIDENTIAL in accordance with this Protective Order. In connection with a motion filed under this provision, the party designating the information as CONFIDENTIAL shall bear the burden of establishing that good cause exists for the disputed information to be treated as CONFIDENTIAL.

9. At the conclusion of this case, unless other arrangements are agreed upon, each document and all copies thereof which have been designated as CONFIDENTIAL shall be returned to the party that designated it CONFIDENTIAL, or the parties may elect to destroy CONFIDENTIAL documents. Where the parties agree to destroy CONFIDENTIAL documents, the destroying party shall provide all parties with an affidavit confirming the destruction.

10. This Protective Order may be modified by the Court at any time for good cause shown following notice to all parties and an opportunity for them to be heard.

ORDERED this 15 day of December, 2005.

BY THE COURT:

Judge Richard P. Matsch,
United States District Court Judge

STIPULATED TO AND APPROVED AS TO FORM this 13th day of December, 2005.

s/ Gregg McReynolds
Gregg McReynolds
7900 East Union Avenue Suite 1100
Denver CO 80111
303 694 1800

Attorney for Plaintiff

s/ David D. Powell, Jr.
David D. Powell, Jr.
Brownstein, Hyatt & Farber, P.C.
410 17th Street, 22nd Floor
Denver, Colorado 80202
(303) 223-1100

Edward Bergmann
Seyfarth Shaw LLP
55 East Monroe Street Suite 4200
Chicago IL 60603-5803
(312) 346-8000

Attorneys for Defendant

4202\20\951222.1

IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLORADO

Civil Action Nos. 05-cv-00508-RPM-PAC
05-cv-00509-WYD-OES

KENNETH W. LETT,

    Plaintiff,

v.

TIAA-CREF,

    Defendant.

## NON-DISCLOSURE AGREEMENT

STATE OF _____ )
                                  ) ss.
COUNTY OF _____ )

    1.    My name is _____. My business affiliation is _____, and my title, if any, is _____.

    2.    I reside at _____, and my home telephone number is (\_\_\_)\_\_\_\_-_____. My business address and telephone number are _____, (\_\_\_)\_\_\_\_-_____.

    3.    I am aware that a Protective Order has been entered in *Kenneth W. Lett v. TIAA-CREF*, Case No. 05-cv-00508-RPM-PAC (consolidated with Case No. 05-cv-00509-WYD-OES), now pending in the United States District Court for the District of Colorado. A copy of that Protective Order has been given to me, and I have read and understand the terms of the Protective Order.

    4.    I promise that any document marked "Confidential" or marked as containing Confidential Information will be used by me only in connection with assisting the parties or their counsel in preparing for the resolution of the above-referenced litigation.

    5.    I promise that I will not disclose or discuss such Confidential documents or Confidential Information with any person other than the parties to this action, their respective attorneys, members of their attorneys' staff, or in consultation with expert witnesses retained by any party.

    6.    I understand that any use of Confidential Information obtained by me that is subject to the Stipulated Protective Order or any portions or summaries thereof in any manner

contrary to the provisions of the Stipulated Protective Order or this Nondisclosure Agreement will subject me to the summary sanctions of the Court for contempt.

_____
DATE

By: _____
Title (if applicable):_____

SUBSCRIBED AND SWORN to before me this \_\_\_\_ day of _____, 2005, by _____.

_____
Notary Public

My Commission Expires: _____

4202\20\951225.1